PER CURIAM:
Claimant brought this action for damage to his 1999 Suzuki Grand Vitara, *125 which occurred when his wife Mitzi Adams was operating his vehicle on Route 9/18 near Cass in Pocahontas County, and the vehicle slid on a patch of ice causing Mrs. Adams to lose control whereupon the vehicle slid off the roadway and over the side of a hill. Respondent was responsible at all times herein for the maintenance of Route 9/18 in Pocahontas County. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on February 4, 2001, some time between 1:00 p.m. and 3:00 p.m. Mitzi Adams was driving her husband’s vehicle from her mother’s home to the store. She had her daughter in the car with her. Mrs. Adams described Route 9/18 as a one-lane, dirt and gravel road. She stated that if two vehicles approach each other head on then one of the vehicles must pull to the side of the road or back up and let the other vehicle pass. Mrs. Adams had traveled this road the night before this incident and she described it as being snow covered and icy. There is no guard rail at this location. On the right side of the road there is a steep drop-off and a river at the bottom. As Mrs. Adams was traveling to the store on the morning ofthis incident, she noticed that the ice and snow were starting to melt on the road due to the rising temperature. She was proceeding to the store when suddenly the vehicle went over a large sheet of ice approximately six or eight inches deep and twelve feet long. Mrs. Adams testified that once her vehicle was on the ice, she lost control of it and it slid over the hill. She stated that the only thing that kept her from going all the way down the hill approximately another sixty feet and into the river was a large tree and rock which caught her vehicle.
Claimant submitted an invoice for the repair costs to his vehicle which was approximately $1,005.94. However, he had full coverage on the vehicle and any recovery is limited to $300.00 which is the amount of the insurance deductible feature. It is the claimant’s position that respondent knew or should have known of this ice and that it created a hazardous condition for the traveling public.
It is respondent’s position that it did not have notice of the icy condition of the road and that it had not yet reached this route for snow and ice removal, since it is a third priority dirt and gravel road.
Ronald Cole, respondent’s maintenance crew at the Greenbank substation in Pocahontas County, testified that he is responsible for maintaining and treating roads in the Greenbank area including Route 9/18. He is familiar with Route 9/18 which is an orphan road that was taken over by the respondent within the last few years. He described the road as a very narrow, one-lane road consisting of dirt and gravel. Route 9/18 is a third priority road and respondent maintains approximately one mile of the road. Mr. Cole testified that since it is a third priority road it is not treated until all first priority roads such as Route 252 are treated. According to Mr. Cole, unless the respondent receives a call regarding a problem with it, the road is not checked. On the date of this incident there were no calls or complaints regarding Route 9/18 and there were no reported incidents or activities recorded. On February 5, 2001, his substation received a call regarding Route 9/18 and a crew was sent over to cinder the road.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
*126 In this claim, the evidence established that no calls or reports were made to respondent regarding any icy road conditions on Route 9/18 prior to this incident. Route 9/18 is a third priority, dirt and gravel road. It is the respondent’s normal practice to treat primary roads first, before treating the lower priority roads, such as Route 9/18. Respondent does not and cannot treat the lower priority roads due to the fact that the major routes, such as Route 250, have to be maintained on a priority basis. Respondent only treats the third priority roads when it is given notice that a problem exists. There was no such notice in this claim.
The Court is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent had notice of the icy condition of Route 9/18 on the date of Mrs. Adams’ accident. Since there was no negligence established on the part of the respondent, the Court will not make a recovery to claimant.
Therefore, in view of the foregoing, the Court is of the Opinion to and does deny this claim.
Claim disallowed.